UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JASON NUWER, MARK MINKOWITZ,
AMARILLIS GINORIS, CHRISTINA VIGOA,
and KEVIN VAN ALLEN on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

FCA US LLC f/k/a CHRYSLER GROUP LLC,
a Delaware limited liability company, and GRAMMER
INDUSTRIES, INC. a South Carolina corporation,

      Defendants.
_____/

No. 0:20-CV-60432-SINGHAL
Honorable Raag Singhal

**DEFENDANT FCA US LLC'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I. Plaintiff Minkowitz's Arizona Consumer Fraud Act Claim (Asserted Against FCA US Only) is Time-Barred................................................................................................ 1

II. Plaintiff Van Allen's Claim Under New York's General Business Law (N.Y. Gen. Bus. Law § 350)—Asserted Against FCA US Only—Fails for Lack of Reliance on a Specific Advertisement ................................................................................................ 2

III. Plaintiff Van Allen's Fraudulent Concealment Claim Is Barred by New York's Economic Loss Rule. ................................................................................................... 3

IV. Plaintiffs' Magnuson-Moss Warranty Act (MMWA) Claims Must Be Dismissed Because the Underlying State Law Warranty Claims Are Invalid. .................................. 3

V. Plaintiffs' Unjust Enrichment Claims Must Be Dismissed Because They Have Alleged Adequate Legal Remedies.................................................................................. 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alaface v. Nat'l Inv. Co.*,
  892 P.2d 1375 (Ariz. Ct. App. 1994)...........................................................................................2

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*,
  390 F. Supp. 2d 1170 (M.D. Fla. 2005).......................................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).....................................................................................................................4

*Bergdale v. Countrywide Bank FSB*,
  No. CV-12-8057, 2014 U.S. Dist. LEXIS 86370 (D. Ariz. June 25, 2014) ...............................1

*Daniel v. Ford Motor Co.*,
  806 F.3d 1217 (9th Cir. 2015) .....................................................................................................3

*Erchonia Med. Inc. v. Smith*,
  No. CIV-02-2036-PHX-MHM, 2005 U.S. Dist. LEXIS 55457 (D. Ariz. Dec.
  16, 2005) ......................................................................................................................................2

*GMA Accessories, Inc. v. ePartners Inc.*,
  2008 U.S. Dist. LEXIS 30577 (S.D.N.Y. Mar. 18, 2008) ..........................................................3

*In re GM LLC Ignition Switch Litig.*,
  257 F. Supp. 3d 372 (S.D.N.Y. 2017).........................................................................................5

*Jovine v. Abbott Labs., Inc.*,
  795 F. Supp. 2d 1331 (S.D. Fla. 2011) .......................................................................................4

*Kalimantano GmbH v. Motion in Time, Inc.*,
  939 F. Supp. 2d 392 (S.D.N.Y. 2013).........................................................................................3

*Leider v. Ralfe*,
  387 F. Supp. 2d 283 (S.D.N.Y. 2005).........................................................................................2

*Loiselle v. Cosas Mgmt. Grp., Ltd. Liab. Co.*,
  228 P.3d 943 (Ariz. Ct. App. 2010).............................................................................................5

*Melton v. Century Arms, Inc.*,
  243 F. Supp. 3d 1290 (S.D. Fla. 2017) .......................................................................................3

*Orlando v. Novurania of Am., Inc.*,
  162 F. Supp. 2d 220 (S.D.N.Y. 2001).........................................................................................3

*Richards v. Johnson & Johnson, Inc.*,
   No. 5:17-cv-00178, 2018 U.S. Dist. LEXIS 97899 (N.D.N.Y. June 12, 2018) ........................2

*Samiento v. World Yacht Inc.*,
   883 N.E.2d 990 (N.Y. 2008) ..................................................................................................5

*Tomasino v. Estee Lauder Cos.*,
   44 F. Supp. 3d 251 (E.D.N.Y. 2014) .....................................................................................4

*Trustmark Ins. Co. v. Bank One, Ariz., N.A.*,
   48 P.3d 485 (Ariz. Ct. App. 2002) .........................................................................................5

**RULES**

Fed. R. Civ. P. 8 ...............................................................................................................................4

**STATUTES**

A.R.S. § 12-541(5) ...........................................................................................................................1

Fla. Stat. Ann. § 672.607(3)(a) ........................................................................................................4

N.Y. U.C.C. Law § 2-607(3)(a) .......................................................................................................4

N.Y. Gen. Bus. Law § 350 ...............................................................................................................2

Defendant FCA US LLC ("FCA US") hereby submits its supplemental brief in support of *Defendants FCA US LLC and Grammer Industries, Inc.'s Motion to Dismiss the First Amended Class Action Complaint*, as contemplated by the Court's May 18, 2020 Order (Dkt. No. 29).

I.  **Plaintiff Minkowitz's Arizona Consumer Fraud Act Claim—Asserted Against FCA US Only—Is Time-Barred**

A claim under Arizona's Consumer Fraud Act (CFA) must be brought within one year of when the cause of action accrues. *See* A.R.S. § 12-541(5); *Bergdale v. Countrywide Bank FSB*, No. CV-12-8057, 2014 U.S. Dist. LEXIS 86370, at *11 (D. Ariz. June 25, 2014). Under Arizona's discovery rule, the cause of action accrues "when the plaintiff knows or should have known of both the *what* and *who* elements of causation." *Bergdale*, 2014 U.S. Dist. LEXIS 86370, at *11-12 (quoting *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1380 (Ariz. Ct. App. 1994)) (emphasis in original).

Here, Plaintiff Minkowitz alleges that his passenger-side headrest deployed due to the alleged defect in "late 2018." (FAC, ¶ 96). The "who" element of his CFA claim is obviously FCA US. (*See id.* at ¶¶ 156-167). As for the "what" element, he asserts that FCA US made "misrepresentations and omissions with respect to the safety and reliability of the Class Vehicles," which he relied upon when purchasing the vehicle. (*Id.* at ¶ 164). Therefore, the controlling question for the "what" element is: when was the latest Minkowitz knew (or should have known) that because of the allegedly defective headrest, FCA US made misrepresentations and omissions regarding the safety and reliability of his vehicle? The answer can be no later than when the deployment occurred in "late 2018," making late 2018 the very latest the limitations period could have started running. Because Minkowitz did not file his CFA claim until February of 2020 (Dkt. 1)—more than one year after his claim accrued—the claim must be dismissed. *See Bergdale*, 2014 U.S. Dist. LEXIS 86370, at *11-19 (holding that CFA claim was time-barred

because it filed one year after the accrual date, notwithstanding discovery rule argument by plaintiff); *Erchonia Med. Inc. v. Smith*, No. CIV-02-2036-PHX-MHM, 2005 U.S. Dist. LEXIS 55457, at *43-45 (D. Ariz. Dec. 16, 2005) (same); *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1380-81 (Ariz. Ct. App. 1994) (same).

II.   **Plaintiff Van Allen's Claim Under New York's General Business Law (N.Y. Gen. Bus. Law § 350)—Asserted Against FCA US Only—Fails for Lack of Reliance on a Specific Advertisement**

N.Y. Gen. Bus. Law § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service . . . ." To maintain a section 350 claim, a plaintiff must show that: (1) the advertisement was "consumer orientated," (2) the advertisement was "misleading in a material respect," and (3) "the plaintiff was injured as a result of the . . . advertisement." *Leider v. Ralfe*, 387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005). Actual reliance is required for a section 350 claim, and "a plaintiff must point to a specific advertisement or public pronouncement upon which she relied." *Richards v. Johnson & Johnson, Inc.*, No. 5:17-cv-00178, 2018 U.S. Dist. LEXIS 97899, at *26-27 (N.D.N.Y. June 12, 2018).

Here, Plaintiff Van Allen does not "point to a specific advertisement or public pronouncement" that he was exposed to, much less relied upon. At most, he alleges that he "was aware of, reviewed, or heard Chrysler's warranties and advertisements publicizing its reputation for safety and reliability." (FAC, ¶ 31). This hopelessly generalized and vague allegation says nothing about the type of warranties or advertisements, or where he was exposed to them, or when. In fact, by alleging in a wavering manner that he was "aware of, reviewed, <u>or</u> heard" the allegedly false advertisements (*Id.* (emphasis added)), he does even commit to any one of the three possibilities. Because Van Allen does not point to any "specific advertisement or public pronouncement" he actually relied upon, he has failed to plausibly allege a section 350 claim. *Richards*, 2018 U.S. Dist. LEXIS 97899, at *26-27.

### III. Plaintiff Van Allen's Fraudulent Concealment Claim Is Barred by New York's Economic Loss Rule

New York's economic loss rule "restricts plaintiffs who have suffered economic loss, but not personal or property injury, to an action for the benefit of their bargain. If the damages are the type remedial in contract, a plaintiff may not recover in tort." *Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 225 (S.D.N.Y. 2001). Here, Plaintiff Van Allen seeks to recover pure economic loss, alleging benefit of the bargain damages for the diminished value of his leased vehicle. (FAC, ¶ 188.) As a result, his fraudulent concealment claim must be dismissed. *See Orlando*, 162 F. Supp. 2d at 225-26 (dismissing fraudulent misrepresentation claim under New York's economic loss rule where Plaintiff was attempting to "recover for the alleged loss of the benefit of his bargain"); *see also Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 416-17 (S.D.N.Y. 2013) (dismissing fraud claim under New York's economic loss rule); *GMA Accessories, Inc. v. ePartners Inc.*, 2008 U.S. Dist. LEXIS 30577, at *3-4 (S.D.N.Y. Mar. 18, 2008) (same).

### IV. Plaintiffs' Magnuson-Moss Warranty Act (MMWA) Claims Must Be Dismissed Because the Underlying State Law Warranty Claims Are Invalid

As addressed in the Defendants' joint brief, a plaintiff who does not plead a viable state law warranty claim has no viable claim under the federal MMWA. *Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1304 (S.D. Fla. 2017) ("a [MMWA] claim only exists if a valid breach of warranty claim is also stated"); *see also Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015). Here, Plaintiffs' MMWA claims against FCA US are based on breaches of express and implied warranty, while their MMWA claims against Grammer are based only on breaches of

3

implied warranty. (*See* FAC, ¶¶ 201-231).[1]

None of the Plaintiffs possess a viable express warranty claim under state law to sustain a MMWA claim. As an initial matter, none of the Plaintiffs allege which terms of their express warranty were breached, or even generally how the express warranty was breached. At most, they point to the existence of an express warranty that generally covers certain repair costs for materials that are "defective in material, workmanship or factory preparation," and then vaguely assert that FCA US failed to comply with the terms of its written or express warranties. (*See* FAC, ¶ 110, 202). Such vague and conclusory allegations do not suffice under Fed. R. Civ. P. 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, the express warranty claims of the Florida Plaintiffs (Nuwer, Ginoris, Vigoa) and New York Plaintiff Van Allen must be dismissed for failure to allege pre-suit notice. Both Florida and New York's versions of the Uniform Commercial Code state that "[t]he buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy. . . ." Fla. Stat. Ann. § 672.607(3)(a); N.Y. U.C.C. Law § 2-607(3)(a). Failure to allege that this notice was provided warrants dismissal. *See Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1339 (S.D. Fla. 2011) (dismissing breach of express warranty claim under Florida UCC because "Plaintiff does not allege that he ever notified Defendants of the alleged breach of a warranty"); *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 260-62 (E.D.N.Y. 2014) (dismissing express warranty claim where the complaint did not allege that notice was provided, and untimely demand letter attached to opposition brief was insufficient substitute). Because the Florida Plaintiffs (Nuwer, Ginoris,

---

[1] Only the underlying express warranty claims are addressed in this supplemental brief submitted by FCA US. The underlying implied warranty claims, asserted against FCA US and Grammer, are addressed in FCA US and Grammer's joint brief.

Vigoa) and New York Plaintiff Van Allen do not allege that they provided any pre-suit notice to FCA US, their express warranty claims must be dismissed.

### V.  Plaintiffs' Unjust Enrichment Claims Must Be Dismissed Because They Have Alleged Adequate Legal Remedies

"It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy." *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005). The same rule applies under Arizona and New York law. *See Loiselle v. Cosas Mgmt. Grp., Ltd. Liab. Co.*, 228 P.3d 943, 947 (Ariz. Ct. App. 2010); *Trustmark Ins. Co. v. Bank One, Ariz., N.A.*, 48 P.3d 485, 492 (Ariz. Ct. App. 2002); *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 996 (N.Y. 2008). Because all of the Plaintiffs' unjust enrichment claims are predicated on the same set of allegations that form the basis of their legal claims, their unjust enrichment claims must be dismissed. *Am. Honda Motor Co.*, 390 F. Supp. 2d at 1178 (dismissing unjust enrichment claim predicated on same set of allegations that supported FDUTPA claim); *In re GM LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 433-34 (S.D.N.Y. 2017) (dismissing unjust enrichment claim, recognizing that "an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim") (quotation marks omitted); *Trustmark Ins. Co.*, 48 P.3d at 492 (affirming judgment as matter of law on unjust enrichment claim where contract governed the subject of the dispute).

Dated: May 22, 2020                              Respectfully submitted,

/s/ Scott M. Sarason
Scott M. Sarason
Florida Bar No. 0394718
ssarason@rumberger.com (primary)
Michael R. Holt
Florida Bar No. 0483450

mholt@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell City Tower, Suite 3000
80 S.W. 8th Street
Miami, Florida 33130-3037
Tel.  (305) 358-5577
Fax (305) 371-7580

-and-

Fred J. Fresard
 *Admitted Pro Hac Vice*
ffresard@dykema.com
Paul T. Stewart
 *Admitted Pro Hac Vice*
pstewart@dykema.com
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 203-0700

*Attorneys for Defendant FCA US LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on May 22, 2020 on all counsel or parties of record on the Service List below.

**[SIGNATURE ON FOLLOWING PAGE]**

*/s/ Scott M. Sarason*
SCOTT M. SARASON
Florida Bar No. 0394718
E-mail:  ssarason@rumberger.com (primary)
ssarasonsecy@rumberger.com
docketingmiami@rumberger.com(secondary)
MICHAEL R. HOLT
Florida Bar No. 0483450
E-mail:  mholt@rumberger.com (primary)
mholtsecy@rumberger.com
docketingmiami@rumberger.com(secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell City Tower, Suite 3000
80 S.W. 8th Street
Miami, Florida  33130-3037
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

and

Fred J. Fresard - *Admitted Pro Hac Vice*
ffresard@dykema.com
Paul T. Stewart - *Admitted Pro Hac Vice*
pstewart@dykema.com
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel. (248) 203-0700

*Attorneys for FCA US LLC*

# SERVICE LIST

**BENJAMIN WIDLANSKI**
Florida Bar No. 1010644
bwidlanski@kttlaw.com
**HARLEY S. TROPIN**
Florida Bar No. 241253
hst@kttlaw.com
**GAIL McQUILKIN**
Florida Bar No. 969338
gam@kttlaw.com
**RACHEL SULLIVAN**
Florida Bar No.: 815640
rs@kttlaw.com
**ROBERT J. NEARY**
Florida Bar No. 81712
rn@kttlaw.com
KOZYAK TROPIN & THROCKMORTON LLP
2525 Ponce de Leon Blvd
Ninth Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Attorneys for Plaintiff*

**PETER PRIETO**
Florida Bar No. 501492
pprieto@podhurts.com
**JOHN GRAVANTE, III**
Florida Bar No. 617113
jgravante@podhurst.com
**MATTHEW WEINSHALL**
Florida Bar No. 84783
Mweinshallpodhurt.com
PODHURT ORSECK, P.A.
SunTrust International Center
One S.E. Third Avenue
Suite 2700
Miami, FL 33131
Telephone: (305) 372-1900
Facsimile: (305) 372-3508

*Attorneys for Plaintiff*

**GEORGE FRANJOLA**
Florida Bar No.: 333271
gfranjola@ocalalaw.com
GILLIGAN, GOODING, BATSEL & ANDERSON, P.A.
1531 S.E. 36th Avenue
Ocala, FL 34471
Telephone: (352) 867-7707
Facsimile: (352) 867-0237

*Attorneys for Plaintiff*

**MICHAEL BURGER**
mike@litgrp.com
SANTIAGO BURGER, LLP
2280 East Avenue
Rochester, NY 14610
Telephone: (585) 563-2400
Facsimile: (585) 563-7526

*Attorneys for Plaintiff*

| | |
|---|---|
| STEVEN C. JONES<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>ANTHONY P. STRASIUS<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP<br>Miami Tower, 100 Southeast Second Street<br>Floor 2100<br>Miami, FL  33131<br>Telephone:  (305 374-4400<br>Facsimile:  (305) 579-0261<br><br>*Attorneys for Grammer Industries, Inc.* | Frederick W. Reif - *Admitted Pro Hac Vice*<br>frederick.reif@wilsonelser.com<br>Nathan T. Horst - *Admitted Pro Hac Vice*<br>nathan.horst@wilsonelser.com<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>150 East 42nd Street<br>New York, NY 10017-5603<br>Tel. (212) 915-5710<br>Fax  (212) 490-3038<br><br>*Attorneys for Grammer Industries, Inc.* |