# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-60432-SINGHAL

JASON NUWER, AMARILLIS GINORIS, and
KEVIN VAN ALLEN, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

FCA US LLC f/k/a CHRYSLER GROUP LLC,
a Delaware limited liability company,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO APPROVE PROPOSED CLASS NOTICE, DEFINE CLASS, AND APPOINT CLASS COUNSEL AND INCORPORATED MEMORANDUM OF LAW**

**INTRODUCTION**

This Court has determined that a Florida class of consumers may maintain a class action against Chrysler to redress unfair and deceptive trade practices deriving from Chrysler's manufacture and sale of certain defective vehicles. Pursuant to the Court's Class Certification Order and Federal Rule of Civil Procedure 23, Plaintiffs respectfully request that this Court approve Plaintiffs' proposed Class Notice Plan and direct notice to the Class Members, as defined below. In the same vein, Plaintiffs request that this Court supplement its Class Certification Order to include Plaintiffs' proposed Class Definition—to which Chrysler has already stipulated in two related actions—and appoint Benjamin Widlanski of Kozyak Tropin & Throckmorton LLP and Peter Prieto of Podhurst Orseck, P.A. as Class Counsel.

**BACKGROUND**

Plaintiffs allege—and the evidence shows—that Chrysler knowingly manufactured and sold vehicles with defective and dangerous active head restraints ("AHRs") for more than a decade. The AHR defect arose from Chrysler's decision to use an inferior plastic blend particularly susceptible to creep and environmental stress cracking when placed under pressure, causing the AHRs to inadvertently deploy and strike occupants in the back of the head. Plaintiffs filed suit, alleging various claims on behalf of themselves and all others similarly situated, including claims for unjust enrichment, violations of the Magnuson-Moss Warranty Act, violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and violation of New York's General Business Laws.

On January 3, 2023, this Court granted Plaintiffs' Motion for Class Certification in part, certifying a Florida class to raise FDUTPA claims against Chrysler. [*See* D.E. 87]. The Court further ordered the parties to confer on the precise definition of the FDUTPA class and the proposed form of class notice. *Id.*

On January 13, 2023, Chrysler moved for reconsideration of the Court's class certification order, [D.E. 197], and to stay the deadlines set forth in the order, [D.E. 199]. That same day, the parties filed a joint motion to continue or extend all remaining pre-trial and trial deadlines and hold a status conference after the Court ruled on the various pending motions, [D.E. 200]. The Court granted the Joint Motion, cancelled all trial and pre-trial deadlines, and set a status conference for April 6, 2023, [D.E. 201]. The Court also denied as moot Defendant's motion to stay the Court's class certification deadlines in light of its order on the Joint Motion, [D.E. 202].

Though Plaintiffs have attempted to confer on the class definition and proposed class notice plan, Defendant posits that the parties are no longer required to submit proposals on either in light of the Court's Order cancelling all pre-trial deadlines. Plaintiffs disagree. In any event, Chrysler not only approved the class definition proposed below, but also stipulated to it in two similar class actions addressing the same defect pending in the Eastern District of California and the District of Massachusetts. *See Alger v. FCA US LLC*, No. 2:18-cv-00360-MCE-EFB, [D.E. 148, 152] (E.D. Cal. May 15, 22, 2020); *Costa v. FCA US LLC*, No. 1:20-cv-11810-ADB, [D.E. 116] (D. Mass. Oct. 25, 2022). The *Alger* and *Costa* courts also approved proposed notice plans substantially similar to the one proposed here by Plaintiffs. *See Alger*, [D.E. 158] (E.D. Cal. Aug. 11, 2020); *Costa*, [D.E. 116] (D. Mass Oct. 25, 2022).

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) governs the requirements of notice to members of a class action lawsuit. The Rule mandates that "[f]or any class certified under Rule 23(b)(3)... the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id*. Notice is required to give absent class members an opportunity to opt out of a Rule 23(b)(3) class,

*see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997), as binding absent class members that are not provided sufficient notice violates constitutional due process protections, *see Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 313 (1950). To comport with due process, the notice must be clear, concise, and, in plain, easily understood language, must contain the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." *Id*. Nonetheless, "[t]he method and manner of the notices process is left to the discretion of the district court subject only to the broad reasonableness standards imposed by due process." *Fla. Educ. Ass'n v. Dep't of Educ.*, 447 F. Supp. 3d 1269, 1274–75 (N.D. Fla. 2020) (internal quotations and citation omitted); *see also Mohamed v. Off Lease Only, Inc.*, 15-cv-23352-Civ, 2018 WL 398326, at *2 (S.D. Fla. 2018) ("A district court has broad discretion to enable the efficacious administration of the course of the proceedings before it, so long as the due process rights of absentee class members are protected." (same)).

## ARGUMENT

### I. PLAINTIFFS' PROPOSED CLASS NOTICE PLAN

Plaintiffs' proposed Class Notice Plan is comprehensive and includes direct mail notice to Class Members, including those reasonably identifiable through Class Vehicle VINs; an easily accessible Class website with search optimization; a toll-free phone line; and print advertisements

in four major Florida newspapers.[1] For efficiency and after a competitive bid process, Plaintiffs have selected ILYM Group as the Class Notice Administrator to provide notice to the certified Class. ILYM's qualifications, as well as the details of the proposed notice plan, are set forth in the attached Declaration of Lisa Mullins, **Exhibit A,** with the proposed short postcard mail and long form notices attached **as Exhibits B and C** to this Motion.

ILYM Group, Inc. has likewise been approved in both the *Alger* and *Costa* cases as Notice Administrator based on the company's years of experience administering notice and claims programs in similar cases. Accordingly, due to the company's prior work in similar AHR-defect class actions, ILYM Group will provide an efficient and cost-effective notice program, thereby creating additional benefit to the Class.

Plaintiffs' proposed Class Notice Plan calls for Class Notice to be delivered by three methods. First, direct individual mailed notice will be sent to all Class Members who can be identified using Class Vehicle VINs, as well as Chrysler's warranty data or other records. Second, individual notice will be supplemented by publication notice in four major Florida newspapers (The Miami Herald, The Orlando Sentinel, The Tampa Bay Times, and Florida-Times Union— *see* **Exhibit D**). Third, a case-specific website will be created and launched to include all relevant case information, accessible and downloadable litigation filings and documentation, and directives and answers to frequently asked questions. All three forms of notice will comport with Rule 23(c)(2)(B)'s due process requirements and will inform Class Members of the options and means to exclude themselves from the Class, if desired, and the deadline for doing so. Plaintiffs and the Notice Administrator anticipate it will take approximately thirty days to provide full notice once

---

[1] Plaintiffs will run print ads in the following newspapers: Miami Herald, Orlando Sentinel, Tampa Bay Times, and the Florida-Times Union (Jacksonville).

approved and directed by the Court and propose an opt-out period of forty-five (45) days from the date of notice.

## II. THE COURT SHOULD APPROVE PLAINTIFFS' PROPOSED CLASS NOTICE PLAN.

### A. The Proposed Notice Plan Provides the Best Practicable Notice Under the Circumstances.

As required by Rule 23(c)(2)(B), Plaintiffs' proposed Class Notice Plan will provide the best practicable notice under the circumstances, including, where feasible, individual notice to those members who can be identified through reasonable effort. *See* Fed. R. Civ. P. 23(c)(2)(B). "The notice provisions of Rule 23, which are meant to protect the due process rights of absent class members, set forth different notice requirements to different kinds of cases and even to different phases of the same case." *Juris v. Inamed Corp.*, 685 F.3d 1294, 1317 (11th Cir. 2012) (internal quotations omitted). To satisfy due process requirements, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985) (quoting *Mullane*, 339 U.S. at 314). To determine whether proposed class notice satisfies due process requirements, courts "look solely to the language of the notices and the manner of their distribution." *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007).

Comprehensive notice plans similar to the one Plaintiffs propose here are routinely held to meet Rule 23's best practicable notice standard. *See, e.g.*, *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1262 (S.D. Fla. 2016) (finding notice program "comprehensive" where plan provided notice through combination of direct email and/or U.S. mail notice, constructive notice through publication in The Miami Herald and Tampa Tribune, a toll-free hotline, and a case-specific informational website). "Courts have routinely held that notice programs that provide notice

through a variety of media . . . satisfy the requirements of Federal Rule of Civil Procedure 23." *Id.* (collecting cases nationwide); *see also, e.g.*, *Ferron v. Kraft Heinz Foods Co.*, 2021 WL 2940240, at *5–6 (S.D. Fla. July 13, 2021) (mixed media notice plan approved); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1340–41 (S.D. Fla. 2011) (same); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1375–76 (S.D. Fla. 2007) (best practicable notice where postcard notice mailed to last known address of class members, summary publication notice provided, and a toll-free hotline and website established); *cf. Juris*, 685 F.3d at 1321 ("Where certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate."). Indeed, Chrysler approved and stipulated to similar notice plans in the two other AHR-defect certified class actions. *Alger*, [D.E. 148, 152] (E.D. Cal. May 15, 22, 2020); *Costa* [D.E. 116] (D. Mass. Oct. 25, 2022).

Accordingly, the Court should approve Plaintiffs' proposed Class Notice Plan and find that it provides the best practicable notice under the circumstances, adequately apprises Class Members of the pendency of this action and their due process rights, and otherwise comports with Rule 23's notice requirements.

B. The Proposed Notice Plan Meets All Requirements of Rule 23(c)(2)(B).

The proposed forms of notice in Plaintiffs' Notice Plan include all required information delineated in Federal Rule of Civil Procedure 23(c)(2)(B) and do so in clear, concise, and plain, easily understood language. *See* **Exhibits A–D**. The proposed notice forms provide adequate explanations of the Class Members' substantive claims and information reasonably necessary for Class Members to determine whether to remain a Class Member and be bound by a final judgment in this case. *See Adams*, 493 F.3d at 1286–87. The notices also describe, in plain terms, the nature of the litigation, the definition of the certified Class described below, a clear and concise

6

explanation of the claims and defenses at issue, and additional information about the status of the case. *See* Fed. R. Civ. P. 23(c)(2)(B)(i)–(iii). Class Members are also provided sufficient information apprising them of their rights to enter an appearance through an attorney, availability of exclusion from the Class, including the time and manner for requesting such exclusion, and, finally, the binding effect of a class judgment on Class Members should they choose not to request exclusion. *Id.* at (iv)–(vii).

Accordingly, the Court should approve Plaintiffs' proposed Class Notice Plan as compliant with the mandates of both Federal Rule of Civil Procedure 23 and the Constitution's due process requirements.

### III. THE COURT SHOULD ADOPT PLAINTIFFS' PROPOSED CLASS DEFINITION AND APPOINT UNOPPOSED CLASS COUNSEL.

As part of this Court's approval of Plaintiffs' Proposed Class Notice Plan, the Court should also supplement its Class Certification Order to appoint Class Counsel and to include the following Florida Class definition:

> All persons in Florida who currently own or lease, or who have owned or leased, any Class Vehicle manufactured by Chrysler or any of its subsidiaries or affiliates that is equipped with an Automatic Head Restraint ("AHR") system.

Rule 23 empowers a district court to alter or amend a class certification order at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C). Indeed, "the certification of a class is always provisional in nature," *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 988 (11th Cir. 2016), and "[t]he determination of the definition of the classes is conditional and may be amended or modified prior to any decision on the merits and final judgment," *In re Disposable Contact Lens Antitrust*, 329 F.R.D. 336, 434 (M.D. Fla. 2018). Here too, the Court can and should supplement its Class Certification Order to include the foregoing Class Definition.

Nearly identical class definitions were approved in both *Alger* and *Costa*, albeit for persons in California and Massachusetts, respectively. *See, e.g.*, *Alger*, [D.E. 152] (E.D. Cal. May 22, 2020); *Costa*, [D.E. 116] (D. Mass Oct. 25, 2022). Chrysler has also stipulated to the following Chrysler make and model vehicles as Class Vehicles equipped with AHR Systems under the purview of the foregoing Class Definition: [2]

    2010–2020 Dodge Journey
    2010–2011 Dodge Nitro
    2010–2012 Jeep Liberty
    2010–2020 Jeep Patriot or Compass
    2010–2012 Dodge Caliber
    2010–2020 Dodge Caravan
    2010–2018 Town & Country
    2010–2020 Grand Voyager
    2011–2020 Dodge Durango
    2011–2020 Jeep Grand Cherokee
    2010–2014 Sebring/Avenger
    2010–2017 Chrysler 200

*See Costa*, [D.E. 116] (D. Mass Oct. 25, 2022). Chrysler, therefore, has no reason to object to the same definition as applicable in this case and the Court should approve the same.

Regarding the appointment of class counsel, Chrysler raised no objection to the appointment of Class Counsel for the proposed Class, either in its response to Plaintiffs' motion for class certification or its motion for reconsideration. As with the Class Definition, the Court is empowered by Rule 23 to supplement its Class Certification Order and should appoint Mr. Widlanski and Mr. Prieto as unopposed Class Counsel. *See, e.g.*, *Gill-Samuel v. Nova Biomed.*

---

[2] There is a discrepancy between the list of make and model year vehicles in *Alger* versus *Costa* that Chrysler has agreed constitutes the entire list of Class Vehicles. *See, e.g.*, *Alger*, [D.E. 152] (E.D. Cal. May 22, 2020); *Costa*, [D.E. 116] (D. Mass Oct. 25, 2022). Nonetheless, Plaintiffs will continue to meet and confer with Chrysler before notice is disseminated to the Class to ensure that all model years of Class Vehicles identified in the Class Notice reflect all models included within the certified Class Definition equipped with AHR systems. As a result, there may be modifications to the notice.

*Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) ("A court's ruling on a motion for class certification is not final because the Federal Rules of Civil Procedure expressly provide that an order that grants or denies class certification may be altered or amended before final judgment.").

## CONCLUSION

Plaintiffs' proposed Notice Plan meets Rule 23's requirements and provides the best practicable notice under the circumstances; indeed, Chrysler has acknowledged as much in similar AHR-defect class actions. The proposed, multifaceted Notice Plan is designed to reach all Class Members who can be identified through reasonable efforts and is comprised of a comprehensive mixed-media approach to Class Notice, which has been routinely approved by courts in this District and nationwide. For the foregoing reasons, Plaintiffs respectfully request that this Court (a) grant their Motion for Approval for Proposed Class Notice Plan; (b) approve the form and content of the proposed forms of notice, attached as **Exhibits A–D** hereto; (c) appoint ILYM Group, Inc. as Notice Administrator; (d) supplement its Class Certification Order to include the proposed Class Definition described above; (e) supplement its Class Certification Order to appoint Benjamin Widlanski of Kozyak Tropin & Throckmorton LLP and Peter Prieto of Podhurst Orseck as Class Counsel for the Florida Class; (f) order Defendant to provide VIN numbers and other identifying information for Class Vehicles in its records to Class Counsel and the Notice Administrator within ten days of the Court's Order; and (g) direct Class Notice as described herein. A proposed order is attached hereto as **Exhibit E**.

## S.D. Fla. L.R. 7.1 CONFERRAL

Pursuant to the Court's Order certifying the Class [D.E. 188] and Local Rule 7.1(a)(3), Plaintiffs counsel has attempted to confer with Defendant's counsel regarding the contents of this motion but has been unable to do so. The following communications have taken place:

9

1464425

- On January 17, 2023, Plaintiffs' Counsel emailed Defendant's counsel to propose a class definition. Defendant's counsel did not respond.

- On January 24, 2023, (after the Court denied FCA's motion to stay), Plaintiffs' Counsel emailed Defendant's counsel and again attempted to confer on the class definition.

- Defendant's Counsel responded the same day that Defendant believed that the deadline to propose a notice plan and class definition had been cancelled in light of the Court's order [D.E. 201] cancelling the pre-trial and trial deadlines.

- Plaintiffs' counsel responded, on the same day, and explained that the motion to continue the trial deadlines was predicated on the time needed to provide class notice and for Class Members to opt out (see D.E. 201 – requesting continuance of "the two remaining pretrial deadlines set forth in this Court's Amended Scheduling Order"), and thus the Court would not have cancelled the deadline to file the motion to approve the class definition and notice plan. Plaintiffs' counsel further stated that they intended to file the motion by the February 10, 2023, deadline and requested that Defendant's counsel inform them if they change their position.

- On February 8, 2023, Plaintiffs' counsel emailed Defendant's counsel to once again confer on the class definition as well as Plaintiffs' proposed notice plan. Defendant's counsel did not respond to that email.

- On February 9, 2023, Plaintiffs' counsel emailed Defendant's counsel attaching examples of the short and long form notices and the print ad that Plaintiff intended to submit as part of its proposed notice plan. Defendant's counsel did not respond to that email.

Respectfully submitted this 10th day of February 2023.

| /s/ Benjamin Widlanski<br>Benjamin Widlanski, Esq.<br>Florida Bar No. 1010644<br>bwidlanski@kttlaw.com<br>Gail McQuilkin, Esq.<br>Florida Bar No. 969338<br>gam@kttlaw.com<br>Rachel Sullivan, Esq.<br>Florida Bar No. 815640<br>rs@kttlaw.com<br>Robert J. Neary, Esq.<br>Florida Bar No. 81712<br>rn@kttlaw.com<br>Katherine A. Mitchell, Esq.<br>Florida Bar No. 1018647<br>kmitchell@kttlaw.com<br>**KOZYAK TROPIN & THROCKMORTON LLP** | Peter Prieto, Esq.<br>Florida Bar No. 501492<br>pprieto@podhurst.com<br>John Gravante, III, Esq.<br>Florida Bar No. 617113<br>jgravante@podhurst.com<br>Matthew Weinshall, Esq.<br>Florida Bar No. 84783<br>mweinshall@podhurst.com<br>**PODHURST ORSECK, P.A.**<br>SunTrust International Center<br>One S.E. 3rd Ave., Suite 2700<br>Miami, Florida 33131<br>Tel: 305-358-2800<br>Fax: 305-358-2382<br><br>*Counsel for the Florida Class Members* |

| | |
|---|---|
| 2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134<br>Tel: (305) 372-1800<br>Fax: (305) 372-3508<br><br>*Counsel for the Florida Class Members* | |
| George Franjola<br>Florida Bar No. 333271<br>gfranjola@franjolalaw.com<br>**LAW OFFICE OF GEORGE FRANJOLA**<br>1740 SE 18th Ave., Suite 901<br>Ocala, Florida 34471<br>Telephone: (352) 812-0462<br><br>*Counsel for the Florida Class Members* | Michael Burger, Esq. (admitted *pro hac vice*)<br>mike@litgrp.com<br>**SANTIAGO BURGER LLP**<br>2280 East Avenue<br>Rochester, New York 14610<br>Tel: (585) 563-2400<br>Fax: (585) 563-7526<br><br>*Counsel for the Florida Class Members* |

1464425