UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60432-CIV-SINGHAL/VALLE

JASON NUWER, AMARILLIS GINORIS,
and KEVIN VAN ALLEN, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

FCA US LLC f/k/a CHRYSLER GROUP, LLC,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Stay Pending Resolution of Its Rule 23(f) Petition. (DE [220]). On January 1, 2023, the Court entered an Order (DE [188]) granting in part and denying in part Plaintiffs' Motion for Class Certification. Defendant filed a Sealed Motion for Reconsideration (DE [197]), which was denied on April 5, 2023. (DE [214]). On April 19, 2023, Defendant filed with the Eleventh Circuit a Rule 23(f) Petition for Leave to Appeal this Court's certification order (DE [219]). The next day Defendants filed the present motion. The motion is fully briefed and ripe for review. For the reasons discussed below, the motion is granted.

    I.      INTRODUCTION

Plaintiffs filed suit against Defendant FCA LLC ("Chrysler") alleging that the active head restraints ("AHRs") in certain Chrysler vehicles had a design defect that made the AHRs likely to activate without a preceding rear-end collision. Plaintiffs, who reside in New York or Florida, seek damages on behalf of themselves and other consumers under those states' respective consumer fraud statutes. This Court denied class certification of the New York state claims but granted class certification of a Florida class to raise claims

under FDUTPA. (DE [188]). The Court found that the Florida Plaintiffs had standing to pursue claims on behalf of class members who purchased different automobile models where the alleged defect is "materially identical" from product to product. *Id.* at pp. 4-6.

Chrysler moved for reconsideration on several grounds, including the issue of standing. This Court denied the Motion for Reconsideration and Chrysler sought leave in the Eleventh Circuit to pursue an interlocutory appeal pursuant to Rule 23(f). That motion remains pending in the appellate court. Chrysler moves to stay the proceedings in this Court pending resolution of the matter in the Eleventh Circuit. Plaintiffs oppose the stay.

II.     LEGAL STANDARDS

Rule 23(f), Federal Rules of Civil Procedure, "allows federal courts of appeals to hear an interlocutory appeal of a district court's order granting or denying class certification." *Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1271 (11th Cir. 2000). Interlocutory appellate review of class certification issues is "disruptive, time-consuming, and expensive" and should not be granted routinely. *Id.* at 1273, 1276. Further, "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1264 n.5 (11th Cir. 2009); Fed. R. Civ. P. 23(f).

When considering a motion to stay proceedings pending the appeal of a class certification decision, many courts "have applied a test similar to the four-factor balancing test employed on motions for preliminary injunction." *Rosen v. J.M. Auto Inc.,* 2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009). These four factors are well known: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief

would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir.2005).

### III. DISCUSSION

The Court finds that a stay is appropriate in this case. The Court concludes that Chrysler has a reasonable likelihood of success on the merits; that the balance of harms favors a stay; and that the public interest will be served by a stay by preserving judicial resources.

In its appeal, Chrysler challenges this Court's decision that the named Plaintiffs have standing to raise claims on behalf of consumers who purchased vehicle models different from Plaintiffs'. The Court's reasoning is fully set forth in the class certification Order and need not be repeated here. (DE [188]). Although the Court declined to reconsider its ruling, the Court is aware that there is a division among the lower courts and no binding Eleventh Circuit decision on the issue. *See See Sanchez-Knutson v. Ford Motor Co.,* 2015 WL 11197772, at *4 (S.D. Fla. Jul. 22, 2015) (dismissing for lack of standing class action claim related to car models other than those purchased or leased by named plaintiffs); *Feldman v. BRP United States, Inc.,* 2018 WL 8300534 (S.D. Fla. Mar. 28, 2019) (same); *but see Weiss v. General Motors, LLC,* 418 F. Supp. 3d 1173, 1180 (S.D. Fla. 2019) (plaintiffs have standing to pursue claims on behalf of class members who purchased different products where the alleged defect is "materially identical" from product to product); *Heuer v. Nissan N. Am., Inc.,* 2017 WL 3475063, at *5 (S.D. Fla. Aug. 11, 2017) (standing to represent purchasers of other vehicles depends on whether all the models contained identical components); *Collins v. Quincy Bioscience, LLC,* 2020 WL 3268340, at *15 (S.D. Fla. Mar. 19, 2020) (named plaintiff had standing to

represent other class members who purchased other varieties of product that contained the same active ingredient).

The Court is also aware that in the past three years the Eleventh Circuit has issued numerous published decisions on class action standing. *See Drazen v. Pinto,* 41 F.4th 1354 (11th Cir. 2022) *vacated and reh'g granted,* 61 F.4th 1297 (11th Cir. 2023); *Williams v. Reckitt Benckiser LLC,* 65 F.4th 1243 (11th Cir. 2023); *In re Equifax Inc. Customer Data Security Breach Litig.,* 999 F.3d 1247 (11th Cir. 2021); *Tsao v. Captiva MVP Restaurant Partners, LLC,* 986 F.3d 1332 (11th Cir. 2021); *Mack v. USAA Casualty Ins. Co.,* 994 F.3d 1353 (11th Cir. 2021); *Fox v. Ritz-Carlton Hotel Co., LLC,* 977 F.3d 1039 (11th Cir. 2020); *Muransky v. Godiva Chocolatier, Inc.,* 979 F.3d 917 (11th Cir. 2020).

The Court cannot prognosticate about whether the Eleventh Circuit will accept Chrysler's interlocutory appeal but given the current lack of binding authority on the standing issue presented by this case, the importance of standing, and the Eleventh Circuit's apparent interest in clarifying standing issues, it is not outside the realm of possibility that the appeal will be accepted. And even though this Court did not accept Chrysler's argument on standing, there is a reasonable likelihood that the Eleventh Circuit will. The Court concludes, therefore, that Chrysler has established a reasonable likelihood of success on the merits.

The next two factors balance the harms to the parties caused by a stay and the Court will consider the two together. A stay at this juncture will – assuming the Eleventh Circuit accepts the appeal – protect Chrysler from the (potentially unnecessary) harm caused by a class notice that may be mooted by a reversal. The harm faced by Chrysler includes reputational harm caused by the sending of what may be unnecessary class notices and the expenses incurred in defending a much larger class action. *See Willcox*

4

*v. Lloyds TSB Bank, PLC,* 2016 WL 917893, at *7 (D. Ha. Mar. 7, 2016) (recognizing reputational harm caused by premature class notice); *Nieberding v. Barrette Outdoor Living, Inc.,* 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014) (recognizing expenditure of unnecessary litigation expenses as irreparable harm); *Gray v. Golden Gate Nat. Recreational Area,* 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) ("[i]f defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless") (quoting *C.B.S. Employees Federal Credit Union v. Donaldson, Lufkin & Jenrette,* 716 F. Supp. 307, 310 (W.D. Tenn. 1989)).

    By contrast, the burden on Plaintiffs caused by a stay will be less. Discovery is complete and dispositive motions have been filed. Trial is imminent. The case is currently set on the September 11, 2023, docket with an alternate trial date of January 16, 2024. Whether the Eleventh Circuit refuses to accept the appeal or rules on the merits, once it issues its ruling this case can be quickly reinstated. To address Plaintiffs' argument that a stay is premature because the Eleventh Circuit has not yet accepted the appeal, the Court will keep this case on the alternate January 2024 trial docket. Thus, if the appeal is not accepted, the case will remain on the trial docket and minimal time will have been lost by the stay. If the appeal is accepted, the Court will remove the case from the January 2024 trial docket.

    The Court further finds that the public interest is served by a stay. If a class notice is sent to owners of multiple vehicle models and the Eleventh Circuit reverses this Court's decision, a second curative notice to the class would need to be sent, resulting in substantial confusion to consumers who would then be excluded from the class. *Brown v. Wal-Mart Stores, Inc.,* 2012 WL 5818300, at * 4 (N.D. Cal. Nov. 15, 2012). A stay would

prevent that confusion. And, of course, the public policy of judicial economy will be served by a stay. For these reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Stay Pending Resolution of Its Rule 23(f) Petition (DE [220]) is **GRANTED.**

2. This case is **TEMPORARILY STAYED.** The parties may, however, engage in discovery of Plaintiffs' substituted expert, Dr. Heinz Pudleiner, in the event the Court grants Plaintiff's Motion to Substitute Expert (DE [225]). The parties may continue to brief the Motion to Substitute Expert.

3. The case is **REMOVED** from the **September 11, 2023**, trial docket and **RE-SET** for the two-week period beginning **January 16, 2024,** with a calendar call via zoom at **2:00 p.m., Wednesday, January 11, 2024.**

4. The status conference scheduled for **August 3, 2023, at 4:30 p.m.** will remain on the schedule pending the Eleventh Circuit's decision to accept the appeal.

5. The current deadlines for filing motions in limine and deposition designations are **STAYED** and will be re-set at the August 3, 2023, status conference.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of May 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF