UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60432-CIV-SINGHAL/VALLE

JASON NUWER, *et al.*,

    Plaintiffs,

v.

FCA US, LLC,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant FCA US LLC's Motion for Reconsideration of the Order Partially Denying Its Motion for Summary Judgment. (DE [244]). The motion is fully briefed and ripe for review. For the reasons discussed below, the Motion is granted in part and denied in part.

On September 29, 2023, the Court entered an Order (DE [243]) granting in part and denying in part FCA US LLC's ("FCA") Motion for Summary Judgment. FCA sought summary judgment on Plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") on the ground that there was no evidence showing FCA knew environmental stress cracking caused deployment of the AHRs before Plaintiff Amarillis Ginoris purchased her vehicle in 2013. (DE [153] p. 12). FCA stated that it first learned that an AHR had deployed with a broken plastic sled in 2016. *Id.*

The Court denied summary judgment on the FDUTPA claim because FCA's knowledge that the plastic was defective is not an element of FDUTPA. (DE [243] p. 6.) FCA seeks reconsideration of that Order and argues that the Court's Order allowed Plaintiffs to improperly change their theory of the case on summary judgment. Rule 60(b), Federal Rules of Civil Procedure, "allows a district court to relieve a party from [an order]

for 'mistake, inadvertence, surprise, or excusable neglect, … or … any other reason justifying relief….'" *Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.,* 279 F.3d 1306, 1310 (11th Cir. 2002) (quoting Fed. R. Civ. P. 60(b)(1)). A court may reconsider an order if necessary to "correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  Upon review of the summary judgment Order (DE [243]) and the First Amended Complaint (DE [10]), the Court agrees its analysis contained an error that has caused confusion and will offer a revised analysis. The result, however, is the same and for that reason, FCA's Motion for Reconsideration is otherwise denied.

The elements of a FDUTPA claim are: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rife v. Newell Brands, Inc.*, 632 F. Supp. 3d 1276, 1313-14 (S.D. Fla. 2022) (quoting *City First Mortg. Corp. v. Barton,* Fla. 4th DCA 2007)). "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR, Inc. v. Beacon Property Mgmt., Inc.*, 842 So. 2d 733, 777 (Fla. 2003) (quotations omitted).  A "deception occurs if there is a 'representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Id.* (quoting *Millennium Communications & Fulfillment, Inc. v. Office of the Attorney Gen.,* 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)).

In this case, Plaintiffs allege that FCA violated FDUTPA by representing the safety features of AHRs while failing to disclose that the AHRs were constructed with inferior plastic that is prone to failure under normal use. (DE [10] ¶ 145). Plaintiffs allege that FCA knew of the inferior qualities of the plastic used in the AHR and knew as early as 2010 that the plastic could not withstand constant pressure and is prone to cracking and

breaking. *Id.* ¶¶ 62, 145. This case has always, therefore, been about the plastic used in the AHRs and FCA US's knowledge that the plastic was inferior and prone to breaking under pressure.

FCA argued on summary judgment that it "first learned about an AHR that had deployed with a broken plastic sled in April 2016." (DE [153], p. 12). The Court cited several recent cases from this District for the proposition that FDUTPA "focuses on whether an act is deceptive, not whether a defendant knew that the allegedly violative conduct was occurring." *Lewis v. Mercedes-Benz USA, LLC,* 530 F. Supp. 3d 1183, 1232 (S.D. Fla. 2021) (quoting *Gavron v. Weather Shield Mfg., Inc.,* 819 F. Supp. 2d 1297, 1302 (S.D. Fla. 2011)); *PNR, Inc.,* 842 So. 2d at 777; *Rife v. Newell Brands, Inc.,* 632 F. Supp. 3d 1276, 1313 (S.D. Fla. 2022) ("FDUPTA plainly doesn't require plaintiffs to plead knowledge"). Based on those cases, the Court concluded that "whether FCA US knew the plastic used in the AHRs was not adequate is not the material issue; the issue is whether there was 'a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" (DE [243], p.6). This was, as FCA points out, incorrect.

Plaintiffs allege that FCA knowingly used inferior plastic that is prone to failure in its AHRs. Evidence of the knowing use of defective plastic is very much required for Plaintiffs to prove its FDUTPA claim. If FCA knew the plastic used in the AHRs was prone to failure and nevertheless marketed the AHRs as a safety feature, a jury could evaluate those facts in determining whether FCA engaged in unfair or deceptive practices. What is not determinative is whether FCA knew that its marketing was deceptive. *See Lewis,* 530 F. Supp. 3d at 1233 (FDUTPA plaintiff need not prove defendant knew its acts were

3

deceptive); *Rife*, 632 F. Supp. 3d at 1313 ("FDUTPA doesn't require Plaintiffs to plead knowledge").

Plaintiffs have submitted evidence that FCA US had knowledge prior to 2013 of the tendency of the plastic used to be subject to environmental creeping when under stress. *See* (DE [166] ¶ 30 and exhibits 9, 10, 13, 15, and 19). It remains for the jury to determine whether that is true and, if so, whether the use of the plastic could support Plaintiffs' claim that FCA engaged in unfair or deceptive marketing of the class vehicles. For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant FCA US LLC's Motion for Reconsideration of the Order Partially Denying Its Motion for Summary Judgment (DE [244]) is **GRANTED IN PART AND DENIED IN PART**. The Court's Order (DE [243]) on Summary Judgment is modified as set forth herein, but the request to grant summary judgment on the FDUTPA claim is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of December 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF