UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60432-CIV-SINGHAL

JASON NUWER, *et al.*,

    Plaintiffs,

v.

FCA US LLC f/k/a CHRYSLER
GROUP LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion to Strike Plaintiff's Late-Disclosed Expert Report and Fact Witnesses (DE [282]). The motion is fully briefed and ripe for review. By way of background, trial is set to begin on January 16, 2024. Discovery has been closed since August 19, 2022. For the reasons discussed below, the motion is granted.

1. Fact Witnesses

In November 2023, a district court in Massachusetts tried a class action brought against Defendant FCA US LLC which involved virtually the same AHRs at issue in this case. *Costa v. FCA US LLC,* Case No. 1:20-cv-11810 (D. Mass.). The *Costa* case is not a surprise; the parties and the Court have cited to decisions from the *Costa* court throughout this litigation. Plaintiff's counsel attended and observed the *Costa* trial.

Plaintiff contends that he learned for the first time at the *Costa* trial that FCA US LLC claims that AHR deployments do not cause injuries. "As soon as the *Costa* trial concluded, Plaintiff's counsel began to search for FCA consumers who had experienced inadvertent deployments in Class Vehicles and might testify in this case." (DE [293] p. 7).

On December 8, 2023, Plaintiff disclosed seven new witnesses, including two who had testified in the *Costa* trial. FCA US LLC moves to strike these witnesses as untimely because they had not previously been identified in disclosures or discovery in this case.

The Federal Rules of Civil Procedure address the use of previously unidentified witnesses:

> **(1)** ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The rule "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)…" Advisory Committee Notes, 1993 Amendment. The burden, therefore, is on the offering party to establish that the failure to disclose "was substantially justified or is harmless." In making the evaluation the court must "consider: (1) the importance of the testimony; (2) the reason for the … failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.,* 389 F.3d 1339, 1353 (11th Cir. 2004) (citation omitted).

The new witnesses have all experienced an inadvertent deployment of an AHR. Several testified about their injuries. Plaintiff argues that (1) these witness' identities had not been known until the *Costa* trial; (2) the witness' testimony became relevant after the *Costa* trial when FCA US LLC argued that AHRs were safe and could not have caused the injuries reported in consumer complaints; and (3) the witness' testimony is relevant and necessary because Plaintiff's AHR has not deployed. None of these establish that the late disclosure is substantially justified.

Plaintiffs have known since the inception of this case that deployment of AHRs and risk of injury are relevant issues. Plaintiff's First Amended Complaint (DE [10]) alleges that the defect in the AHR presents "an inherent safety risk to occupants" that "poses a serious risk of harm." The First Amended Complaint further alleges that "[t]he AHR deploys the headrest at a rate of 12 miles per hour, or nearly 18 inches per second, impacting the back of the passenger's head with enough force to cause injuries." *Id.* ¶ 63. The gist of the Complaint is that FCA US LLC "intentionally concealed the AHR defect and associated safety hazard…." *Id.* ¶ 82. Plaintiff retained an expert to testify about the physical risks posed by an inadvertent deployment of an AHR. *See* Declaration of John D. Lloyd, Ph.D. (DE [112]).

FCA US LLC has consistently asserted that the AHRs do not pose a safety hazard or risk of injury. FCA US LLC specifically denied that the AHR presents a safety hazard and has on summary judgment, in *Daubert* motions, and in the class certification stage, posited that "the risk of injury from a deploying AHR was found by FCA US to be essentially zero." *See* Defendant's Statement of Facts in Support of Summary Judgment (DE [154] ¶ 48); Order Denying Motion to Exclude Lars Reinhart, M.D. (DE [213]); Defendant's Memorandum in Opposition to Class Certification (DE [105] p. 5).

The Court rejects Plaintiff's suggestion that the issue of physical injury, or the lack thereof, is a "new" issue in the case. Likewise, the Court sees no justification for Plaintiff's failure to identify and disclose consumers who experienced deployment and who claimed physical injuries. Plaintiff acknowledges that 30,000 consumers were disclosed in CAIRs reports during the discovery period but offers no reason why Plaintiff failed to locate a single consumer to testify about an AHR deployment or injury until after the *Costa* trial.

The Court also rejects Plaintiff's argument that permitting these witnesses to testify would be harmless to FCA US LLC. Plaintiff contends that FCA US LLC deposed and cross-examined the witnesses who testified in the *Costa* trial so it could not be prejudiced if they were permitted to testify in this case. This argument ignores the fact that the parties have, for years now, constructed their cases with the information disclosed and available in discovery in *this case*. Opening the case at this late date to include witnesses who testified in a different trial is the antithesis of harmless. For these reasons, the witnesses disclosed by Plaintiff on December 8, 2023, will not be permitted to testify.

2. Supplemental Expert Report

FCA US LLC also moves to strike a supplemental expert report issued on December 18, 2023. Rule 37(c) also governs this issue.

Plaintiff's prior expert, Duane Priddy, developed health issues after the expert disclosure deadline and was no longer able to consult on this case. The Court granted leave to disclose a substitute expert (DE [236]), with limitations: "Dr. Pudleiner's review shall not exceed the scope of the review performed by Dr. Priddy and his conclusions and opinions must be substantially similar to Dr. Priddy's. Further, Dr. Pudleiner's opinions shall not address any items or theories that were not included in Dr. Priddy's report and testimony." *Id.* This was consistent with representations made by Plaintiff in his support of his Motion to Substitute Expert: "We don't expect him to do 'additional testing,' but rather his own review and analysis of the AHRs as permitted by the caselaw…. Nor do we suggest that Dr. Pudleiner intends to espouse new theories or conclusions." (DE [233], p. 5).

Dr. Pudleiner was deposed in August 2023. He was asked in deposition about a FTIR[1] conducted by Dr. Priddy and the findings from that FTIR. (DE [283-3, p. 69). Dr. Pudleiner was asked whether he conducted an FTIR:

> Q. Okay. Dr. Pudleiner, before we took a break there, we were discussing Dr. Priddy's FTIR. You did an FTIR as well, right?
>
> A. Yes. Which is – but this is for another case and which is, therefore, not in that report.
>
> Q. So you're changing your testimony that you relied on the FTIR conducted on May 9, 2023?
>
> A. Correct.
>
> ***
>
> Q. Okay. How did you come to the conclusion that you did not – that your prior testimony was incorrect, that you relied on the May 9, 2023, FTIR in this case?
>
> A. Yes. Because the – in the – in the report you have in front of you, that – that FTIR spectrum was not included.
>
> Q. Why didn't you include it?
>
> A. Good question. For me, the – for my pin, it is – was already sufficient to see the spectrum from – from – from Duane Priddy's report. *Id.* pp. 69-72.

Cross examination by Plaintiff's counsel reiterated that Dr. Pudleiner did not conduct an FTIR analysis in this case:

> Q. Okay. And for your – the report that you submitted in this case, you were asked to opine on, among a couple of things, this suitability of PC/ABS in the AHR, right? …And to do that, you reviewed Dr. Priddy and Duane Beaudoin's report, right?
>
> A. Right.
>
> Q. Including their – you know, their analyses in the FTIR analysis that they conducted in that case?

---

[1] FTIR refers to Fourier transform infrared spectroscopy.

5

> A. Correct.
>
> Q. And you didn't redo that testing in this case, correct?
>
> A. Also correct, I didn't redo that.

*Id.* p. 166.

Four months later, on December 18, 2023, Dr. Pudleiner submitted an updated report (DE [283-2]) that discussed three additional AHR exemplars examined after Dr. Pudleiner became involved in the case. The December 2023 report contains a discussion about FTIR that did not appear in any of Plaintiff's prior expert reports and contains an extensive discussion of the May 9, 2023, FTIR that Dr. Pudleiner testified in deposition did not apply to this case. The December 2023 report exceeds the scope of what the Court ordered when granting Plaintiff leave to substitute experts. It also does not meet the requirements of Fed. R. Civ. P. 37(c)(1) for admitting previously undisclosed material. For this reason, Dr. Pudleiner's updated report will be stricken.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiff's Late-Disclosed Expert Report and Fact Witnesses (DE [282]) is **GRANTED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of January 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF