UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60432-CIV-SINGHAL

JASON NUWER, *et al.,*

    Plaintiffs,

v.

FCA US, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Plaintiff's Motion in Limine. (DE [254]). The motion is fully briefed and ripe for review and the Court has heard the arguments of counsel. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion in Limine (DE [254]) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. <u>Motion in Limine No. 1</u> to prevent counsel from disparaging class actions, class representatives, plaintiff's counsel, or attorney's fees is denied without prejudice. The Court expects counsel to abide by professional standards. Counsel may object at trial to any improper questions.

2. <u>Motion in Limine No. 2</u> to prevent Defendant from arguing that an award of damages would be a "windfall" is denied.

3. <u>Motion in Limine No. 3</u> to prevent Defendant from commenting on "absent class" members is denied.

4. <u>Motion in Limine No. 4</u> to prohibit Defendant from commenting on what Plaintiff and class members intend to do with a monetary award is granted in part and

denied in part. Defendant may ask Plaintiff if he intends to replace the AHR if a verdict is returned for Plaintiff.

5. <u>Motion in Limine No. 5</u> is denied as moot. Class definition has been narrowed.

6. <u>Motion in Limine No. 6</u> to prevent Defendant from arguing there was a lack of an NHTSA recall is granted in part and denied in part. The Court adopts the ruling in *Costa v. FCA US LLC,* Case No. 20-civ-11810 (D. Mass. Oct. 20, 2023) (DE [297]): "In striking a balance between relevance and unfair prejudice, the Court will allow testimony to the effect that NHTSA has the authority to order recalls based on safety defects; that it opened an investigation into reports of inadvertent deployments of Defendant's AHRs in 2019; that it has not issued any findings or recalls on this issue; and that the investigation remains ongoing." *Id.*

7. <u>Motion in Limine No. 7</u> to prevent Defendant from blaming Grammer Industries and non-parties is denied as moot due the parties' agreement. Defendant shall not argue that Grammer Industries is "legally responsible" for any defect in the AHR but may argue that other parties' knowledge of a defect in the plastic is not necessarily knowledge held by Defendant.

8. <u>Motion in Limine No. 8</u> to prevent Defendant from arguing that the AHRs complied with Federal Motor Vehicle Safety Standards is granted. Fla. Stat. § 768.1256, which grants a rebuttable presumption that the product is not defective when it complies with a federal regulation, applies in "a product liability action brought against a manufacturer or seller for harm allegedly caused by a product." Fla. Stat. § 768.1256(1). This is not a product liability action; this action is brought under Florida's consumer protection statute.

9. <u>Motion in Limine No. 9</u> to prevent Defendant from arguing that AHRs deploy in other manufacturer's vehicles is granted without prejudice to renew at trial if (1) the Court adopts the "consumer expectation test" or (2) Plaintiff refers to "exploding" AHRs.

10. <u>Motion in Limine No.10</u> to prevent Defendant from introducing evidence of the failure rate of AHRs is denied.

11. <u>Motion in Limine No. 11</u> to prevent Defendant from arguing manifestation is denied.

12. <u>Motion in Limine No.12 is d</u>enied as moot as the parties agree.

13. <u>Motion in Limine No. 13</u> to prevent Defendant from "speculating" about aggregate damages is denied without prejudice to renew at trial. The parties may introduce evidence of the size of the class and argue aggregate damages supported by evidence of the number of class members.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of January 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF