UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60432-CIV-SINGHAL

JASON NUWER, *et al.,*

    Plaintiffs,

v.

FCA US, LLC,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion in Limine. (DE [252] and [253]).[1] The motion is fully briefed and ripe for review and the Court has heard the arguments of counsel. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion in Limine (DE [252] and [253]) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. <u>Motion in Limine No. 1</u> to exclude evidence of other, dissimilar incidents. This motion is granted in part and denied in part. Plaintiff may introduce consumer complaints and warranty claims about deployed AHRs to show notice or knowledge on the part of FCA US LLC, subject to a limiting instruction. Evidence of a deployed AHR is "substantially similar" for purposes of this case if the deployment was caused by failure of the plastic and Plaintiff bears the burden of establishing "substantial similarity." Defendant's objection to the Vehicle Owner Questionnaires is sustained and the VOQ's will not be admitted.

---

[1] Defendant filed a redacted Motion in Limine (DE [252]) and a Sealed Motion in Limine (DE [253]). This Order is UNSEALED and applies to both docket entries.

2. <u>Motion in Limine No. 2</u> to exclude evidence that post-dates the sale of the first class vehicle. This motion is granted in part and denied in part. Defendant argues that the only relevant period for its "knowledge" is before September 9, 2009, when the first class vehicle was sold. The class definition has been narrowed to include consumers who purchased vehicles from FCA US LLC-authorized dealers in Florida between January 1, 2013, and June 10, 2020. (DE [264]). The issue for the jury is whether Defendant committed a deceptive or unfair trade act or practice by failing to disclose a known defect in the AHR. Evidence that is relevant to establishing Defendant's knowledge as of January 1, 2013, will be admitted, subject to any other evidentiary objections.

3. <u>Motion in Limine No. 3</u> to exclude evidence of subsequent remedial measures to prove defect. This motion is granted in part and denied in part. "Evidence concerning the striker pins will be admitted, subject to proper objections at trial, for a narrow range of purposes including knowledge of the defect and causation…." *Costa v. FCA US LLC,* Case No. 20-cv-11810 (D. Mass. Oct. 20, 2023) (DE [299]). Such evidence shall be limited to measures that pre-date January 1, 2013.

4. <u>Motion in Limine No. 4</u> to exclude conclusions or statements made by the NHTSA in its "opening Resume." This motion is granted.

5. <u>Motion in Limine No. 5</u> to exclude statements made to the news media. This motion is granted.

6. <u>Motion in Limine No. 6</u> to establish a definition of a design defect. This motion is granted in part and denied in part. This is a consumer protection case, not a product liability case. As such, the appropriate definition of a defect is whether

the AHR "failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer." *See Messina v. Ethicon, Inc.,* 2020 WL 7419585, at *4 (M.D. Fla. Dec. 17, 2020) (quoting *Tillman v. C.R. Bard,* 96 F. Supp. 3d 1307, 1338-39 (M.D. Fla. 2015)).

7. <u>Motion in Limine No. 7</u> to exclude reference to an NHTSA Consent Order. This motion is granted but may be revisited if Defendant "opens the door" by putting on evidence of "good corporate character."

8. <u>Motion in Limine No. 8</u> to exclude reading of deposition testimony of witnesses who testify live at trial and of Defendant's employees who are not 30(b)(6) witnesses. This motion is granted in part and denied in part. Deposition testimony of witnesses who testify at trial is not admissible except for impeachment. Deposition testimony of non-30(b)(6) witnesses who are unavailable to testify (as defined by Fed. R. Civ. P. 32(a)(4)) may be used at trial.

9. <u>Motion in Limine No. 9</u> to exclude evidence of personal injury cases. This motion is denied without prejudice to renew at trial.

10. <u>Motion in Limine No.10</u> to exclude lay witness safety opinion testimony. This motion is granted in part and denied in part. Lay witnesses may testify as to what they experienced during an inadvertent deployment and whether they expected an inadvertent deployment. Lay witnesses may not testify as to the cause of an inadvertent deployment. Lay testimony on these issues is subject to the Court's ruling on Defendant's Motion to Strike Late-Disclosed Witnesses. (DE [282]).

11. Motion in Limine No. 11 to exclude evidence of the *Costa* or *Alger* cases. This motion is granted. This ruling may be revisited at trial if "the door is opened."

12. Motion in Limine No.12 to exclude evidence of owner's manuals. This motion is denied.

13. Motion in Limine No. 13 to exclude evidence of ESC or cracks in the tilt adjustment brackets or "sled tab." This motion is denied. This evidence is relevant to prove whether FCA had knowledge that the plastic was defective and the probative value is not substantially outweighed by danger of unfair prejudice, confusing the issues, or misleading the jury.

14. Motion in Limine No. 14 to exclude argument that FCA LLC US "should have known" about ESC. This motion is granted in part and denied in part. Plaintiff may argue that FCA US LLC had constructive knowledge or was willfully ignorant of problems with the plastic used in the AHRs.

15. Motion in Limine No. 15 to exclude evidence of inadvertent AHR deployments due to causes other than ESC. This motion is granted.

16. Motion in Limine No. 16 to exclude evidence or argument comparing AHRs to static head restraints. This motion is granted.

17. Motion in Limine No. 17 to exclude evidence or argument that inadvertent AHR deployments cause driver distraction. This motion is granted in part and denied in part. The Court has already excluded Dr. Lloyd's opinions on the "startle effect." Subject to the Court's ruling on Defendant's Motion to Strike Late-Disclosed Witnesses, Plaintiff may offer lay witnesses to testify about their experiences with deployed headrests.

18. <u>Motion in Limine No. 18</u> to exclude "Golden Rule" arguments. This motion is denied without prejudice. The Court expects counsel to abide by professional standards. Counsel may object at trial to any improper arguments.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of January 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF