UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60432-CIV-SINGHAL

JASON NUWER, *et al*,

    Plaintiffs,

v.

FCA US LLC f/k/a CHRYSLER GROUP LLC,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Deposition and For Fees, Costs, and Sanctions (DE [278]), which Plaintiffs allege arises "from Defendant's and its counsel's failure to comply with court orders." Defendant is an automobile manufacturer. Plaintiffs have filed a class action alleging deceptive or unfair trade practices in the marketing of certain vehicles manufactured by Defendant. The underlying issue in this motion concerns Plaintiffs' attempts to identify the class members.

Under Fed. R. Civ. P. 23(d), the court has the power "to order one of the parties to perform the tasks necessary to send notice" including production of data from which class members can be identified. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 354 (1978). "Upon commencing a class action, the class representatives must be prepared to accept the concomitant responsibility of identifying absentee class members as well as paying the costs of their individual notice." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1102 (5th Cir. 1977) (plaintiffs required to compile list of class members' names from defendant's records).

During discovery, Defendant produced a document it prepared while responding to an NHTSA inquiry that listed "the number of subject vehicles FCA has manufactured for sale or lease in the United States" and included VIN numbers, make, model, model year and the state of original sale or lease. In August 2023, on Plaintiffs' request and with agreement of Defendant, the Court ordered Defendant to provide the VIN numbers for the class vehicles and the mailing lists for the extended warranty issued by Defendant for the class vehicles. *See* Order (DE [241]). Defendant produced that and supplemented production as needed.

Plaintiffs complain that the various lists produced by Defendant are incomplete and inconsistent; several lists omitted an entire make and model (i.e., Jeep Grand Cherokees and Chrysler minivans). Plaintiffs also contend that Defendant has provided inconsistent information about the availability of records of used car sales/leases, originally stating that Defendant does not have access to that information but later identifying at least some information about used car sales.

Plaintiffs argue that the new car sale/lease spreadsheet omitted data about Chrysler Minivans and the extended warranty spreadsheet omitted data about Grand Cherokees and state that "even a cursory pre-production review of the list by FCA's counsel against a list of the make and model-years of the Class Vehicles would have revealed this significant omission." (DE [278] p. 5). But in both instances, it appears that updated lists were provided. *Id.,* p. 4 ("In any event, on November 21, FCA produced its **fourth** spreadsheet relating to Class Member data…."); p. 6 ("FCA's counsel finally produced an updated new car sale spreadsheet and a used car spreadsheet on December 7, 2023 –**four months** after the Court-ordered deadline.").

Plaintiffs admit they are confident that an over-inclusive class notice has been given, but claim they are unable to construct an accurate list of class members from the information provided by Defendant. Plaintiffs ask leave to depose Defendant's data manager and request that Defendant be compelled to pay for additional efforts to identify class members.[1]

In addressing the issue of identifying class members under Rule 23(d), the Supreme Court has stated that it does "not think a defendant should be penalized for not maintaining his records in the form most convenient to some potential future litigants whose identity and perceived needs could not have been anticipated." *Oppenheimer Fund, Inc.,* 437 U.S. at 363. Here, Defendant produced the information requested; it may not be as tidy as Plaintiffs wish but the burden is on Plaintiffs to extract the identity of absent class members from the data provided. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Deposition and For Fees, Costs, and Sanctions (DE [278]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of January 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUGE

Copies furnished to counsel via CM/ECF

---

[1] For example, Plaintiffs have subpoenaed authorized dealers within Florida to obtain sales, lease, and ownership data and ask the Court to require Defendant to pay for those efforts.